# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAELENE HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-0845-HEA |
| | ) | |
| ORACLE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of plaintiff Michaelene Hart for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the

complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary relief, pursuant to 42 U.S.C. § 1983, for violation of her First Amendment right of privacy. Plaintiff alleges that, beginning in 1997 and continuing into the present time, employees of defendant Oracle "captured" her conversations by cell phone or wiretapping and shared her conversations with others. She alleges that the telephone at her residence was wiretapped; her condominium was bugged; a car rented from Enterprise Rental had electronic surveillance or wiretapping devices in it; unknown men approached her at her place of employment and at the post office and made strange statements; unknown men who looked like Larry Ellison, the chief executive officer of Oracle, approached her and made strange statements; a man she believes to be Ellison came to her workplace twice; and she has been repeatedly "set-up." She alleges that she has suffered great mental stress and financial hardship as a result of these actions by defendant.

**Discussion**

Plaintiff's complaint fails to state a claim because her allegations are "clearly baseless" under the standard set forth in *Neitzke* and *Denton*. The category of "clearly baseless" encompasses allegations that are "fanciful," "fantastic" and "delusional." *Denton*, 504 U.S. at 32-33, 112 S.Ct. at 1733 (quoting *Neitzke,* 490 U. S. at 325, 327-28, 109 S.Ct. at 1831, 1833). Plaintiff's allegations painfully strain credulity. For instance, her allegations that Ellison twice approached her at work and that he, or someone who looked like him, winked at her on July 4, 2003, are "fanciful." The nature

2

of plaintiff's claims becomes more "fanciful" or "fantastic" when the Court, upon examining the complaint, finds no articulated reason as to why her home and rental car would be wiretapped or bugged, or why the chief executive officer of Oracle and other unknown men would approach her.

Plaintiff supplements the instant complaint with a copy of the complaint she filed against defendant Oracle on June 2, 1998. *See Hart v. Oracle Corp.,* No. 4:98-CV-952-CAS (E.D. Mo.). In said complaint, plaintiff alleged that she was discharged from her position as territory manager on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). She also claimed that her discharge was in breach of her employment contract. On December 16, 1999, the Court dismissed plaintiff's breach of contract claim. On January 27, 2000, the Court granted Oracle's motion for summary judgment on plaintiff's claim of intentional discrimination on the basis of sex. Plaintiff appealed to the Eighth Circuit Court of Appeals, which, on July 6, 2001, issued its mandate affirming the judgment of the district court.

Nothing in this course of events lends credence to plaintiff's assertions. Accordingly, the court will dismiss plaintiff's claim because it finds plaintiff's allegations to be not merely unlikely but wholly incredible. *See Denton*, 504 U.S. at 33, 112 S.Ct. at 1734.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 26th day of August, 2005.

_____
**UNITED STATES DISTRICT JUDGE**